UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. MODICA, KATARZYNA A. MODICA a.k.a. KATIE MODICA<br><br>Plaintiffs,<br><br>v.<br><br>GREEN TREE SERVICING, LLC, a Delaware Corporation<br><br>Defendant. | CIVIL ACTION  1:14-cv-03308<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO**
**THE TELEPHONE CONSUMER PROTECTION ACT**

NOW COME the Plaintiffs, JEFFREY R. MODICA ("Jeff") and KATARZYNA A. MODICA A.K.A. KATIE MODICA ("Katie") (collectively the "Modicas"), by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, GREEN TREE SERVICING, LLC, a Delaware Corporation ("Green Tree"), as follows:

**NATURE OF THE ACTION**

1. The Modicas bring this action against Green Tree alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a ("ICFA"), for Green Tree's repeated calls to the Modicas' cell phones, without their consent, in an attempt to collect a consumer debt discharged in bankruptcy.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227 and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Green Tree transacts business in the Northern District of Illinois and Green Tree's collection communications and practices impacted the Modicas within the Northern District of Illinois.

## PARTIES

4. The Modicas are natural persons residing at 240 South Villa Avenue, Addison, Illinois 60101.

5. Green Tree is a limited liability company with its principal office located at 345 St. Peter Street, Suite 300, St. Paul, Minnesota 55102. Green Tree's registered agent in Illinois is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

## FACTS SUPPORTING CAUSES OF ACTION

6. On June 6, 2008, the Modicas filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 08-14633, invoking the protections of the automatic stay pursuant to 11 U.S.C. § 362. *See* Exhibit A, a true and correct copy of the notice of bankruptcy filing.

7. The Modicas' Schedule D listed a pre-petition debt to Countrywide Home Loans ("Countrywide") account number 151355109 ("subject debt"), in the approximate amount of $50,000.00 secured by a second mortgage on their home located at 240 South Villa Avenue, Addison, Illinois 60101 ("subject property"). *See* Exhibit B, a true and correct copy of the Modicas' Schedule D filed with the Court.

8. On or about June 11, 2008, the Bankruptcy Noticing Center ("BNC") provided Countrywide with notice of the bankruptcy filing. *See* Exhibit C, a true and correct copy of the Certificate of Service executed by the BNC establishing service of the notice of filing upon Countrywide.

9. The bankruptcy notice also provided Countrywide with the name and address of the Modicas' counsel and expressly stated that "contacting the debtor by phone" was prohibited by the Bankruptcy Code. *Id.*

10. The meeting of creditors for the Modicas' bankruptcy was held on July 9, 2008. A representative of Countrywide was not present at the 341 meeting of creditors.

11. On September 9, 2008, the Modicas were granted a discharge of all dischargeable debts, including the subject debt. *See* Exhibit D, a true and correct copy of the Modicas' Bankruptcy Discharge Order.

12. On September 11, 2008, the Modicas' Notice of Discharge was sent to all creditors scheduled in the bankruptcy, including Countrywide. *See* attached Exhibit E, a true and correct copy of the Certificate of Service executed by the BNC establishing service of the Notice of Discharge upon Countrywide.

13. At some point after the bankruptcy filing, servicing and/or ownership of the subject debt transferred from Countywide to Green Tree.

14. On February 7, 2011, the Modicas' account and file, including the Discharge Order, were forwarded to Green Tree for servicing of the subject debt by Countrywide. *See* Exhibit F page 21, a true and correct copy of Green Tree's "Collection Comment List" for the subject debt.

15. Consequently, Green Tree had notice of the Modicas' bankruptcy via the Discharge Order issued to Countrywide.

16. Green Tree serviced the subject debt after the Modicas received their bankruptcy discharge.

17. The Modicas initially continued to make the voluntary mortgage payments to Green Tree after the bankruptcy filing.

18. The Modicas ceased making the voluntary payments to Green Tree in October 2011.

**Green Tree's Collection Efforts**

19. Shortly after the Modicas ceased making payments on the subject debt, Green Tree began calling the Modicas, without their consent, on their individual cell phones to collect on the subject debt using an automated telephone dialing system.

20. The Modicas received over one-hundred (100) calls to their cell phones after their discharge and cessation of payments to Green Tree from a representative of Green Tree, usually by the name of Katie Ferguson ("Ferguson").[1] *See* Exhibit F.

21. Green Tree usually left a message on the Modicas' voicemail when it called. *Id.*

22. Green Tree placed multiple calls to the Modicas' parents in an attempt to collect the subject debt.

23. Green Tree also placed multiple calls to the Modicas' neighbors regarding the subject debt.

24. On numerous occasions, the Modicas requested that Green Tree stop calling their cell phones, and to stop calling their neighbors regarding the subject debt. *Id.* at page 16.

25. On November 12, 2011, Katie Modica called Ferguson to tell Green Tree to stop calling. *Id.*

26. According to Ferguson's notes for the November 12, 2011 phone call at 10:27 -10:29 A.M.:

> KATIE STATED SHE WAS UPSET WE CALLED HER NEIGHBOR AND NOT HER, I ADV HER I DIDN'T HAVE HER PHONE NUMBER AND I ADV IT IS JEFF'S RESPONSIBILITY TO CONTACT US. I ASKED WHY YOU ARE BEHIND SHE SAID JEFF HAS BEEN OUT OF TOWN FOR 3 WEEKS, I ASKED DOESN'T HE HAVE A CELL PHONE, AND I ADV HER I SPOKE WITH HIM 2 WEEKS AGO AND HE SAID THAT SHE HAD MAILED A CHECK. I ADV WE HAVE NOT RECEIVED A CHECK. SHE SAID HE TAKES CARE OF THE BILL. I ASKED HOW

---

[1] Exhibit F contains a column for "initials". Most of the calls to the Plaintiffs were made with the "initials" of "KEF". Plaintiffs presume and infer that the initials are for Katie Ferguson.

4

ARE YOU GOING TO TAKE CARE OF THIS TODAY, SHE SAID SHE IS NOT, SHE WAS HOSTILE AND THREATENING ME RANTING OVER AND OVER IT IS ILLEGAL TO CALL HER NEIGHBOR, I ADV HER SKIP TRACING IS LEGAL . . .
</blockquote>

*Id.*

27. The calls did not stop after the above-described November 12, 2011 conversation; Green Tree's collection calls to the Modicas' cell phones continued with the same frequency.

28. Jeff Modica called Ferguson on December 20, 2011. During that conversation, Jeff advised Ferguson once again that they had filed for bankruptcy. Ferguson told Jeff that they continued to owe the subject debt despite their bankruptcy. Upon Jeff's request, Ferguson put her supervisor on the line.[2] *Id.* at page 11.

29. The Green Tree supervisor convinced Jeff to keep paying the subject debt. Jeff told the Green Tree supervisor that they had filed bankruptcy, that they would only pay the subject debt if they could afford to, and to stop calling their cell phones. The Green Tree supervisor replied, "If you filed bankruptcy, how do you not have money to pay back [the subject debt]?" *Id.*

30. After the December 20, 2011 phone call, Green Tree continued its constant collection efforts by calling the Modicas muliple times per day, and occasionally calling their neighbors and parents.

31. Furthermore, a representative of Green Tree sent a large intimidating man to visit the Modicas at the subject property.

32. The intimidating man rang the doorbell and asked for Jeff. The intimidating man handed Katie documents and asked that Jeff call him "right away."

33. Green Tree convinced the Modicas that the phone calls to their cell phones and their neighbors' and parents' cell phones would continue unless they paid the subject debt.

---

[2] Exhibit F does not expressly reflect the Plaintiffs' allegation in this paragraph. It appears that Exhibit F only summarizes the communication and is presumably shorthanded for efficiency purposes.

34. Green Tree convinced the Modicas to continue to pay the discharged subject debt after their bankruptcy despite the fact that they couldn't afford to make the payments and had no legal obligation to make the payments.

35. Due to Green Tree's calls to their neighbors, the Modicas were forced to disclose personal and private information regarding their financial situation to their neighbors and parents.

36. It was particularly shameful and embarrassing to the Modicas that their neighbors and parents were apprised of the Modicas' financial struggles.

37. The Modicas suffered emotional distress, anger, anxiety, and loss of sleep as a result of Green Tree's unlawful collection practices.

38. Many of Green Tree's calls were placed to Jeff while he was at work, causing added stress and making it very hard for Jeff to concentrate and perform his duties at work.

39. The Modicas were harmed by Green Tree's repeated collection calls as they are charged for the use of cellular services.

40. Due to Green Tree's relentless collection calls, the Modicas sought the assistance of counsel to stop Green Tree's abusive and unfair collection efforts.

## COUNT I -- VIOLATION OF
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)

41. The Modicas restate and reallege paragraphs 1 through 40 as though fully set forth herein.

42. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS"). 47 U.S.C. § 227(b)(1)(iii).

6

43. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. § 227(a)(1).

44. Green Tree violated the TCPA by placing well over 100 phone calls to the Modicas' cell phones using ATDS.

45. The Modicas did not consent to receive the Green Tree collection calls to their cell phones.

46. Any consent to receive phone calls to their cell phones was expressly revoked in writing by way of notice of the bankruptcy filing and discharge, as well as verbal revocation each time the Modicas requested that Green Tree stop calling.

47. The Modicas specifically advised Green Tree that they had filed bankruptcy and discharged the subject debt. The Modicas advised Green Tree that the calls were harassing and disruptive to their lives, and that it was embarrassing for Green Tree to call their neighbors and parents.

48. The Modicas were harmed by Green Tree's repeated collection calls as they are charged for the use of cellular services.

49. Pursuant to 47 U.S.C. §227(b)(3)(B), Green Tree is liable to the Modicas for $500 per telephone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Green Tree's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which the Modicas are entitled under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiffs, JEFFREY R. MODICA AND KATARZYNA A. MODICA, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  awarding the Modicas damages of at least $500 per phone call to be demonstrated at trial, for the underlying TCPA violations pursuant to 47 U.S.C. §227(b)(3)(B);

    c.  awarding the Modicas treble damages pursuant to 47 U.S.C. §227(b)(3)(C);

    d.  awarding the Modicas costs and reasonable attorney fees; and

    e.  awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II -- VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

50. The Modicas restate and reallege paragraphs 1 through 49 as though fully set forth herein.

51. Green Tree violated 815 ILCS 505/2 by engaging in unfair and deceptive acts or practices by repeatedly and relentlessly calling the Modicas' cell phones and their parents and neighbors in an attempt to collect the discharged subject debt.

52. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

> 815 ILCS 505/2.

53. The Modicas are consumers as defined by ICFA, 815 ILCS 505/1(e).

54. Green Tree's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

8

## Unfairness

55. Green Tree's repeated phone calls and conduct in relation to the subject debt were willful, malicious, unfair, and designed to coerce the Modicas into paying a debt that was not owed at the time the demands for payments were made.

56. Green Tree's conduct offends public policy as it demonstrates an industry-wide practice of attempting to collect debt discharged in bankruptcy by relentlessly placing collection calls to debtors, their family members, neighbors, and acquaintances.

57. Green Tree's conduct was unfair because continuing to call the Modicas to collect debt discharged in bankruptcy serves only to harass, abuse and oppress the Modicas, whom sought and received the protections of a bankruptcy discharge.

58. Green Tree's conduct was unfair when it sent a large intimidating man to the subject property in an effort to coerce the Modicas into paying the subject debt.

59. Green Tree's conduct was unfair because the relentless collection calls to the Modicas' cell phones, and neighbors' and parents' cell phones, were in violation of Federal Law (both the Bankruptcy Code and the TCPA), and served only to harass the Modicas and attempt to coerce the Modicas into paying a debt that they had no legal obligation to pay.

60. The Modicas continued to pay the subject debt as a result of the constant phone calls and communications from Green Tree as the Modicas believed they had no other choice.

## Deception

61. Green Tree's repeated demands for payment on a debt that was discharged in bankruptcy amounts to a deceptive practice designed to facilitate the collection of debt that is not owed.

62. Green Tree's collection efforts were deceptive because the subject debt was no longer owed by the Modicas by virtue of their Chapter 7 discharge.

63. Green Tree had no right to collect the subject debt or to represent to the Modicas that they were obligated to pay the subject debt.

64. Green Tree made material misrepresentations regarding the status of the subject debt and the Modicas obligations to pay the subject debt.

65. Green Tree attempted to deceive the Modicas into believing that they had to pay the subject debt to stop the calls.

66. Green Tree intended that the Modicas rely on its misrepresentations and deception and pay the debt.

67. Green Tree actively coerced the Modicas to pay the subject debt after discharge.

68. As plead in paragraphs 35-40 above, the Modicas were harmed by Green Tree's repeated collection calls.

69. In addition to incurring fees associated with the use of their cellular service, the Modicas incurred legal fees and costs, suffered from undue stress and anxiety, and were prevented from receiving a "fresh start" that is contemplated by the Bankruptcy Code.

70. As such, the Modicas are entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiffs, JEFFREY R. MODICA AND KATARZYNA A. MODICA, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding the Modicas actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. awarding the Modicas costs and reasonable attorney fees; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 6, 2014                      Respectfully Submitted,

                                                     /s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
Daniel J. McGarry, Esq. ARDC#6309647
Mara A. Baltabols, Esq. ARDC#6299033
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181