IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY R. MODICA, KATARZYNA A. MODICA a.k.a. KATIE MODICA, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:14-cv-03308 |
| v. | ) ) ) | Judge Zagel |
| GREEN TREE SERVICING, LLC., a Delaware Corporation, | ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant, Green Tree Servicing, LLC ("Green Tree"), by its attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves this Court for the entry of partial summary judgment in its favor on the claims asserted in the Complaint of plaintiffs, Jeffrey R. Modica ("Jeff") and Katarzyna A. Modica ("Katie") (collectively, "Plaintiffs"). In support of this motion, Green Tree states as follows:

1. As set forth more fully in the Local Rule 56.1 Statement of Uncontested Material Facts in Support of Defendant's Motion for Partial Summary Judgment filed herewith, Plaintiffs elected to stay in their home after receiving their bankruptcy discharge. Accordingly, for almost three years following the discharge, Jeff made monthly payments on his loan so Plaintiffs would not lose their home. When Jeff stopped making payments, Green Tree attempted to contact Jeff to determine his intent with respect to the property at issue. Green Tree's calls were permitted by Section 524(j) of the Bankruptcy Code, 11 U.S.C. §524.

2. Plaintiffs have now filed a two count Complaint against Green Tree based on Green Tree's phone calls to them.

3. In Count I, Plaintiffs assert that Green Tree violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") (Count I) by "placing *well over 100 phone calls* to the Modicas' cell phones using [an Automatic Telephone Dialing System ("ATDS")]." (Complaint, ¶ 44, emphasis supplied.) Green Tree is entitled to summary judgment on Katie's claim in Count I because the undisputed facts show that *no* calls were placed to Katie's cell phone using an ATDS. Likewise, only six calls were made to Jeff's cell phone using a predictive dialer.[1] To the extent Count I is based on other calls, Green Tree is entitled to summary judgment on Jeff's claim in Count I because those calls were not made to Jeff's cell phone using an ATDS.

4. In Count II of their Complaint, Plaintiffs allege that Green Tree violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, because its calls were purportedly "designed to coerce the Modicas into paying a debt that was not owed at the time the demands for payment were made." (Complaint, ¶ 55.) In fact, there is no evidence that Green Tree made any misrepresentations or acted deceptively in its few actual communications with Plaintiffs, and certainly never represented that Plaintiffs owed the entirety of their discharge debt. Rather, Green Tree's efforts to obtain periodic monthly payments while Plaintiffs continued to live in their home was not deceptive at all, but rather fully consistent with the Bankruptcy Code. Moreover, Plaintiffs did not suffer any harm inasmuch as they did not make any payments in response to Green Tree's calls. Accordingly, Green Tree is entitled to summary judgment on Count II of Plaintiffs' Complaint.

WHEREFORE, defendant, Green Tree Servicing LLC, requests that the Court enter summary judgment in its favor and against Plaintiffs as follows: (1) on Katie's claims in Counts I

---

[1] Those calls were made on October 18, 19, 21 and 24, 2011.

and II in their entirety; (2) on Jeff's claim in Count I to the extent it is based on any calls other than calls made to telephone number on (630) 625-2000 on October 18, 19, 21 and 24, 2011 by Green Tree's predictive dialer; and (3) on Jeff's claim in Count II in its entirety.

                                                  Respectfully submitted,

                                                  /s/ Marshall L. Blankenship
                                                  One of the attorneys for defendant, Green Tree Servicing, Inc.

James D. Adducci
Marshall L. Blankenship
ADDUCCI, DORF, LEHNER,
  MITCHELL & BLANKENSHIP, P.C.
150 North Michigan Avenue
Suite 2130
Chicago, IL 60601
(312) 781-2807

## CERTIFICATE OF SERVICE

       The undersigned, one of the attorneys for Defendant, certifies that on January 13, 2015, he caused a copy of the foregoing Defendant's Motion for Partial Summary Judgment to be served by U.S. Mail on:

> Mohammed Badwan, Esq.
> Matthew Hector, Esq.
> Daniel J. McGarry
> Mara A. Baltabols
> Sulaiman Law Group, Ltd.
> 900 Jorie Boulevard, Suite 150
> Oak Brook, IL 60523

                                              /s/ Marshall L. Blankenship