UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. MODICA,<br>KATARZYNA A. MODICA a.k.a.<br>KATIE MODICA,<br>                  Plaintiffs,<br>v.<br><br>GREEN TREE SERVICING, LLC<br>                  Defendant. | Case No. 1:14-cv-03308<br><br>Honorable Judge James B. Zagel |

**MEMORANDUM IN SUPPORT OF PLAINTIFF KATIE MODICA'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Plaintiff KATIE MODICA ("Mrs. Modica"), by and through her attorneys, Sulaiman Law Group, Ltd, pursuant to Federal Rule of Civil Procedure 56, presenting this Memorandum in Support of her Motion For Summary Judgment as follows:

**INTRODUCTION**

It is undisputed that Green Tree placed 54 phone calls to Mrs. Modica's cellular phone. *See* Local Rule 56.1 Statement of Uncontested Material Facts in Support of Plaintiff's Motion for Summary Judgment ("SOF"), ¶26, for a complete background on the undisputed material facts. Mrs. Modica alleges that each call placed to her cellular phone is a violation of the Telephone Consumer Protection Act ("TCPA"). For the reasons stated below, Mrs. Modica is entitled to summary judgment in her favor as the undisputed facts demonstrate that every phone call placed to her cellular was a violation of the TCPA.

1

**LEGAL STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir.2001). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion...the nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.,* 278 F.3d 693, 699 (7th Cir.2002). "In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.,* 2007 WL 781726, at *7 (N.D.Ill. 2007). "Summary judgment is not appropriate 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir.2003). Finally, the Court is "not required to draw every conceivable inference from the record." *McCoy v. Harrison,* 341 F.3d 600, 604 (7th Cir.2003).

**ARGUMENT**

The TCPA makes it unlawful for a person to call the cellular telephone number of any person using an automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. §227(b)(1)(A)(iii). "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of [automatic telephone dialing systems] to communicate with others by telephone in a manner that would be an invasion of privacy." *Satterfield v. Simon & Schuster,*

*Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). "The best way to interpret a statute is to look to its plain language because that is the most reliable indicator of congressional intent." *U.S. v. Boyles,* 57 F.3d 535 (7th Cir. 1995). "When a statute's language is clear, the text controls the interpretation thereof." *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994)(emphasis added).

### a. Automatic Telephone Dialing System

The TCPA defines "automatic telephone dialing system" as "equipment which has the *capacity* to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such number." 47 U.S.C. §227(a)(1).

#### i. Predictive Dialing Systems are ATDS

"A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012). The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

### b. Consent

Although the TCPA does not define "prior express consent," Congress has delegated authority to the FCC to prescribe regulations that implement TCPA's provisions. *Olney v. Job.com, Inc.,* 2014 WL 1747674, at *4 (E.D.Cal. 2014)(citing 47 U.S.C. §227(b)(2),(f)). "Express consent is 'consent that is clearly and unmistakenly stated.'" *Satterfield*, 569 F.3d at 955 (9th Cir. 2009). "The FCC's interpretations of TCPA are controlling unless invalidated by a court of appeals." *Olney,* 2014 WL 1747674, at *4 (E.D.Cal. 2014).

Persons who knowingly release their phone numbers have in effect given their invitations or permission to be called at that number which they have given, absent instructions to the contrary. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 7 F.C.C.R. 8752, 8769 (1992).

Autodialed calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the "prior express consent" of the called party. *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 1 (2008). In such a case, "prior express consent is granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." *Id.* at 10. "The creditor bears the burden of proving prior express consent." *Id.*

## I. Mrs. Modica is Entitled to Summary Judgment for her TCPA Claims

### a. Green Tree Called Mrs. Modica Without Her Consent

Green Tree placed 54 calls to Mrs. Modica's cellular phone between November 21, 2011 to April 24, 2012. (SOF ¶24). Mrs. Modica was not a signatory to the Green Tree debt and never gave consent to be called on her cellular phone. (SOF ¶¶16, 17, 18, 19, 24). Green Tree's call logs indicates that Green Tree never had Mrs. Modica's cellular phone number until she called Green Tree to inquire why they were calling her neighbors. (SOF ¶19). According to Green Tree, all the calls made by Green Tree to Mrs. Modica were made by the "click" method and only after Green Tree obtained Mrs. Modica's telephone number when she made in an inbound call to complain about Green Tree calling her neighbors regarding the subject debt. (SOF ¶¶18, 19, 24). The phone call made by Mrs. Modica to Green Tree can not be deemed as consent to be called on her cellular phone. *Levy v. Receivables Performance Management, LLC,* 972 F. Supp.2d 409,

422-23 (E.D. N.Y. 2013)(holding that consent is not provided for TCPA purposes if the phone number is obtained by virtue of being captured by a Caller ID when the caller makes an inbound call).

**b. The Calls Made to Mrs. Modica Were Made Using an ATDS**

Green Tree readily admits that it employs a predictive dialing system to make outgoing calls. (SOF ¶¶20, 21). Green Tree's deposition testimony and business records indicate Green Tree did not employ its predictive dialing system to place the calls to Mrs. Modica. (SOF ¶24). However, that does not absolve it from TCPA liability. The clear language of the TCPA "mandates that the focus must be on whether the equipment has the *capacity* to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield*, 569 F.3d at 951 (9th Cir. 2009). "A system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it. *Id.* (emphasis added). *See* also *Hernandez v. Collection Bureau of America, Ltd.*, 2014 WL 4922379 at *3 (C.D. Cal. 2014)(adopting *Satterfield* and finding that an interface that was unable, by itself, to make auto-dialed calls, similar to Green Tree's USCE software, was an ATDS because it had the capacity to be connected to a predictive dialing system).

Here, it is undisputed that the "click" method employed to make the calls to Mrs. Modica utilized the UCSE software, which can be connected to Green Tree's predictive dialing system, an ATDS, to make autodialed calls. (SOF ¶¶21, 22, 23). Specifically, Green Tree's system manager, Roger Sparks, unequivocally testified that the UCSE software and Green Tree's predictive dialing system hardware can be connected to achieve a phone call. (SOF ¶23). Consequently, the UCSE system used by Green Tree to carry out the "click" method is an ATDS under the TCPA because it has the "capacity" to autodial calls once connected to Green Tree's

predictive dialing system. For the reasons stated above, Mrs. Modica is entitled to summary judgment in her favor as to the 54 calls made to her cellular phone.

WHEREFORE, the Plaintiff, Katie Modica, respectfully requests that this Honorable Court grant summary judgment in her favor for her TCPA claims against Green Tree and for any other relief the Court deems just and appropriate.

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188