UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. MODICA,<br>KATARZYNA A. MODICA a.k.a.<br>KATIE MODICA,<br>　　　　　　　　　Plaintiffs,<br><br>GREEN TREE SERVICING, LLC<br>　　　　　　　　　Defendant. | Case No. 1:14-cv-03308<br><br>Honorable Judge James B. Zagel |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF KATIE MODICA'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, KATARZYNA A. MODICA ("Katie") by and through her counsel, Sulaiman Law Group, Ltd., replying in Support of her Motion For Summary Judgment as follows:

**INTRODUCTION**

Green Tree's response requests this Court to ignore the plain language of the TCPA and hold that human intervention is a dispositive factor of whether the system employed by Green Tree to place calls to Katie as an automatic telephone dialing system ("ATDS") as defined by the TCPA. It is important to note that Green Tree's response does not address the issue of consent, presumably because Green Tree concedes that Katie never consented to receiving phone calls on her cellular phone from Green Tree. As described in detail below, the plain language of the statute dictates that the system employed by Green Tree to place phone calls to Katie's cellular phone is an ATDS as defined by the TCPA and thus Katie is entitled to summary judgment in her favor for each of the 54 phone calls placed by Green Tree to Katie's cellular phone.

1

ARGUMENT

The TCPA makes it unlawful for a person to call the cellular telephone number of any person using an automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. §227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as "equipment which has the *capacity* to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such number." 47 U.S.C. §227(a)(1). (emphasis added). "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of [automatic telephone dialing systems] to communicate with others by telephone in a manner that would be an invasion of privacy." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). "The best way to interpret a statute is to look to its plain language because that is the most reliable indicator of congressional intent." *U.S. v. Boyles*, 57 F.3d 535 (7th Cir. 1995). "When a statute's language is clear, the text controls the interpretation thereof." *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994).

### a. The System Employed by Green Tree to Place Phone Calls to Katie is an ATDS as Defined by the TCPA as it had the Present Capacity to Store and Autodial Numbers

Green Tree contends that it could not have violated the TCPA when placing phone calls to Katie because the system that it employed to place the phone calls required human intervention. Green Tree's position is nonsensical as "every ATDS requires some initial act of human agency--be it turning on the machine or pressing 'Go.'" *Johnson v. Yahoo! Inc.*, 2014 WL 7005102 at *5 (N.D. Ill. 2014). Aside from the logical fallacy of Green Tree's position, Green Tree's contention must fail as the TCPA only requires that the system employed to place the phone calls have the *capacity* to store and autodial numbers.

The clear language of the TCPA "mandates that the focus must be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random

or sequential number generator." *Satterfield*, 569 F.3d at 951 (9th Cir. 2009). "A system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it. *Id*. (emphasis added). *See also Hernandez v. Collection Bureau of America, Ltd.*, 2014 WL 4922379 at *3 (C.D. Cal. 2014)(adopting *Satterfield* and finding that an interface that was unable, by itself, to make auto-dialed calls was an ATDS because it had the capacity to be connected to a predictive dialing system). "The equipment used does not have to actually have made a call using a random or sequential number generator, and that it only needs the capacity to do so." *In re Rules & Regulations Implementing the TCPA*, 27 FCC Rcd. at 15391 n. 5.

Here, there is no dispute that Green Tree uses a predictive dialing system to contact its customers. (SOF ¶21.) "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [the caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id*.

Here, it is undisputed that the "manual" calling method employed by Green Tree to make the calls to Katie consists of four components: (1) a live agent, (2) agent's computer which utilizes the UCSE software, (3) the server which stores the number, and (4) a telephone. (SOF ¶ 22.) Green Tree maintains that this method requires human intervention, and thus is not an ATDS as defined by the TCPA. Green Tree is mistaken as the TCPA only requires the system employed to place the phone calls to have the *capacity* to store and dial numbers. Here, the

system employed by Green Tree clearly has the *capacity* to store numbers and place auto-dialed calls, as the agent can log in to Green Tree's predictive dialing system through its USCe interface installed on the very same computer that was used to place the calls to Katie. (SOF ¶23.) Given that Green Tree's predictive dialing system can be connected to a Green Tree agent's computer to achieve an auto-dialed call, it clearly has the capacity to store, produce, and dial numbers; rendering it an ATDS as defined by the TCPA.

Green Tree relies on *Glauser v. Groupme, Inc.,* 2015 WL 475111 (N.D. Cal. 2015) to support its position that the manual calling method does not have the present capacity to store and autodial numbers. However, the facts in *Glauser* are inapposite as a) the system used by defendant in *Glauser* did not have the present capacity of being paired with a predictive dialer system as the system used by Green Tree and b) the text messages sent to the plaintiff were in response to user requests. *Glauser,* 2015 WL 475111 at *6. Consequently, Green Tree's reliance on *Glauser* must fail.

Green Tree also relies on *Sterk v. Path, Inc.,* 2014 WL 24434785 (N.D. Ill. 2014) to support its position that human intervention is a dispositive factor in determining whether a system is an ATDS for purposes of the TCPA. However, *Sterks* supports Plaintiff's position as the court in *Sterks* granted summary judgment in favor of plaintiff and highlighted the fact that an ATDS only need to have the *capacity* to make a call using a random or sequential number generator. *Sterks,* 2014 WL 24434785 at *4. Consequently, Green Tree's reliance on *Sterk* misses the mark.

Green Tree next relies on *Nunes v. Twitter, Inc.*, 2014 WL 6708465 (N.D. Cal. 2014) to support its position that human intervention is a determining factor on whether a system is an ATDS for TCPA purposes. Again, Green Tree's reliance is misplaced because *Nunes* supports

4

Plaintiffs' position as the *Nunes* court adopted the Federal Communications Commission's construction of Section 227(a)(1) of the TCPA to cover "any equipment with the *capacity* to 'generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists,' including 'hardware [that], when paired with certain software, has the *capacity* to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers'" in denying defendant's motion to dismiss plaintiff's TCPA claim. *Id.* at *1. (emphasis added).

Green Tree also relies on *Jordan v. Nationstar Mortgage LLC*, 2014 WL 5359000 (N.D. Cal. 2014) to support its position that human intervention is dispositive in determining whether a system is an ATDS. The *Jordan* court addressed a defendant's motion to stay the TCPA proceedings until the FCC clarified its definition of "capacity" and does not provide any support to Green Tree's theory.

Green Tree also cites *Legg v. Voice Media Group, Inc.*, 20 F.Supp. 3d 1370 (S.D. Fla. 2014) to advance its human intervention exclusion theory. The court in *Legg* denied plaintiff's motion for summary judgment on the basis that there was an issue of material fact of whether the subject system had the *capacity* to auto-dial numbers without human intervention. Consequently, *Legg* is inapposite as to any request for summary judgment, as the capacity issue was determined to be a question of fact. As a result, Green Tree's reliance on *Legg* must fail.

Green Tree then cites *Santos v. Millward Brown, Inc.,* 2014 WL 2938605 (S.D. Fla. 2014). However, Green Tree's reliance on *Santos* must also fail as it is not remotely on point. Specifically, the court in *Santos* addressed the constitutionality of the TCPA, thus it misses the mark by a wide margin.

Green Tree cites to *Dobbin v. Wells Fargo Auto Fin., Inc.,* 2011 WL 244566 (N.D. Ill. 2011) and argues that human intervention excepts a system from the TCPA's definition of ATDS. The issue in *Dobbin* was similar to the facts in this case. In *Dobbin,* the plaintiff brought suit under the TCPA for defendant's phone calls to plaintiff's cell phone.

The system employed by the defendant in *Dobbin* is similar to Green Tree's "manual" calling system. Specifically, the defendant's agent made calls from his desk and the computer system employed by the agent had the capability of being connected to the defendant's predictive dialing system. The defendant in *Dobbin* moved for summary judgment contending that its manual call method does not fall under the purview of an ATDS because it requires human intervention. In *Dobbin,* the court ultimately granted summary judgment in favor of the defendant because the plaintiffs failed to "provide any evidence that [defendant] called them using equipment that meets the statutory definition." *Dobbin,* 2011 WL 244566 at *4. The *Dobbin* court noted that plaintiffs offered no evidence that the equipment used had the "capacity" to autodial. The court rested its ruling on the fact that plaintiffs conceded that a manual call can be made without the agent being logged into the universal system.

Here, the opposite is true. Green Tree's agent, using the USCe interface, accessed information regarding the loan (including phone numbers when applicable) which is stored on the server. (SOF ¶¶22-23.) The manual dialing required four components: (a) live calling agent, (b) the agent's computer, (c) the server, and (d) a telephone. (SOF ¶22.) Given that the agent must login to the server to make the call, the system employed by Green Tree has the *capacity* to store and auto-dial numbers. As a result, *Dobbin* is distinguishable because the defendant in *Dobbin* did *not* need to log in to the universal server, as the agent for Green Tree must, in order to place a manual call.

Green Tree's manual calling system is a sum of its components, and when the components are paired together, it has the capacity to store and auto-dial numbers as the system, when all components are connected, can connect to the predictive dialer system when prompted. (SOF ¶¶20-23.) Given that a Green Tree agent can log in to the universal system and be connected to Green Tree's predictive dialing system on command, Green Tree's system has the *capacity* to store and auto-dial numbers and Katie is entitled to summary judgment in her favor as to the 54 calls placed by Green Tree to Katie's cellular phone. Ruling otherwise would effectively remove the term "capacity" from the TCPA.

WHEREFORE, Plaintiff Katie Modica respectfully requests that this Honorable Court grant her Motion for Summary Judgment against Green Tree for her TCPA count and grant any other relief that this Honorable Court deems just.

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan
ARDC#6299011
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
