# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. MODICA, <br> KATARZYNA A. MODICA a.k.a. <br> KATIE MODICA, <br>                   Plaintiffs, <br><br> GREEN TREE SERVICING, LLC <br>                   Defendant. | Case No. 1:14-cv-03308 <br><br> Honorable Judge James B. Zagel |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs, JEFFREY R. MODICA ("Jeff") and KATARZYNA A. MODICA ("Katie," collectively "Plaintiffs"), by and through their counsel, Sulaiman Law Group, Ltd., responding to Green Tree's Motion For Summary Judgment as follows:

## INTRODUCTION

Green Tree's Motion for Summary Judgment ("Green Tree's Motion") asserts that there are no issues of material fact as to Plaintiffs' Telephone Consumer Protection Act ("TCPA") and Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") claims. Green Tree's Motion requests that this Court ignore the plain language of the TCPA and overlook its unfair and deceptive practices in attempting to collect a discharged debt from Plaintiffs through a relentless harassment campaign against the Plaintiffs, their families, and their neighbors.

Green Tree does not dispute that over 130 phone calls were placed to Plaintiffs' cellular phones from October 18, 2011 to April 23, 2012 relating to a debt that was discharged in bankruptcy. Given that the quantity of calls is not in dispute, Green Tree attempts to systematically attack Plaintiffs' TCPA claims by denying the system it employed to place the

1

phone calls is an automatic telephone dialing system ("ATDS") under the TCPA. Unfortunately for Green Tree, and as explained below, the system it employed to place each phone call to Plaintiffs' cellular phones is an ATDS by any standard, or at the very least, whether it is an ATDS is an issue of material fact for the jury to decide. Realizing that its position as to the ATDS may fail, Green Tree shifts its focus on the consent issue. Again, Green Tree's effort must fail as Green Tree did not have consent to place calls to Katie's cellular phone, and whether it had consent to call Jeff's cellular phone is an issue of material fact for the jury to decide.

Green Tree's Motion then attempts to persuade this Honorable Court that it is entitled to summary judgment against Plaintiffs for their ICFA claims. Again, it asks to Court to ignore its harassment campaign against the Plaintiffs, their families, and their neighbors by disguising the campaign as an effort the help the Plaintiffs keep their home. Unfortunately for Green Tree, the undisputable facts alone rebut their position. For the reasons stated below, Green Tree's Motion should be denied in its entirety as a matter of law.

### LEGAL STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir.2001). "In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies." *Pleniceanu v. Brown Printing Co.*, 2007 WL 781726, at *7 (N.D. Ill. 2007). "Summary judgment is not appropriate 'if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.'" *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Finally, the Court is "not required to draw every conceivable inference from the record." *McCoy v. Harrison*, 341 F.3d 600, 604 (7th Cir.2003).

## ARGUMENT

### I. Green Tree is Not Entitled to Summary Judgment on Katie's Count I TCPA Claim[1]

The TCPA makes it unlawful for a person to call the cellular telephone number of any person using an automatic telephone dialing system without the recipient's prior express consent. 47 U.S.C. §227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as "equipment which has the *capacity* to (a) store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such number." 47 U.S.C. §227(a)(1). (emphasis added). "The purpose and history of the TCPA indicate that Congress was trying to prohibit the use of [automatic telephone dialing systems] to communicate with others by telephone in a manner that would be an invasion of privacy." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009). "The best way to interpret a statute is to look to its plain language because that is the most reliable indicator of congressional intent." *U.S. v. Boyles*, 57 F.3d 535 (7th Cir. 1995). "When a statute's language is clear, the text controls the interpretation thereof." *Jenkins v. Heintz*, 25 F.3d 536, 538 (7th Cir. 1994).

#### a. The System Employed by Green Tree to Place Phone Calls to Katie is an ATDS as Defined by the TCPA.

Green Tree contends that it could not have violated the TCPA when placing phone calls to Katie because the system that it employed to place the phone calls required human intervention. Green Tree's position is nonsensical as "every ATDS requires some initial act of

---

[1] Katie has served Green Tree with her motion for summary judgment on her TCPA claim pursuant to the briefing schedule set by this Honorable Court.

human agency--be it turning on the machine or pressing 'Go.'" *Johnson v. Yahoo! Inc.*, 2014 WL 7005102 at *5 (N.D. Ill. 2014). Aside from the logical fallacy of Green Tree's position, Green Tree's contention must fail as the TCPA only requires that the system employed to place the phone calls have the *capacity* to store and autodial numbers.

The clear language of the TCPA "mandates that the focus must be on whether the equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator." *Satterfield*, 569 F.3d at 951 (9th Cir. 2009). "A system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the *capacity* to do it. *Id*. (emphasis added). *See also Hernandez v. Collection Bureau of America, Ltd.*, 2014 WL 4922379 at *3 (C.D. Cal. 2014)(adopting *Satterfield* and finding that an interface that was unable, by itself, to make auto-dialed calls was an ATDS because it had the capacity to be connected to a predictive dialing system). "The equipment used does not have to actually have made a call using a random or sequential number generator, and that it only needs the capacity to do so." *In re Rules & Regulations Implementing the TCPA*, 27 FCC Rcd. at 15391 n. 5.

Here, there is no dispute that Green Tree uses a predictive dialing system to contact its customers. (SOF ¶29.) "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [the caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id*.

Here, it is undisputed that the "manual" calling method employed by Green Tree to make the calls to Katie consists of four components: (1) a live agent, (2) agent's computer which utilizes the UCSE software, (3) the server which stores the number, and (4) a telephone. (SOF ¶¶ 28, 35.) Green Tree maintains that this method requires human intervention, and thus is not an ATDS as defined by the TCPA. Green Tree is mistaken as the TCPA only requires the system employed to place the phone calls to have the *capacity* to store and dial numbers. Here, the system employed by Green Tree clearly has the *capacity* to store numbers and place auto-dialed calls, as the agent can log in to Green Tree's predictive dialing system through its USCe interface installed on the very same computer that was used to place the calls to Katie. (SOF ¶¶23-33; Plaintiffs' Response to SOF ¶24.) Given that Green Tree's predictive dialing system can be connected to a Green Tree agent's computer to achieve an auto-dialed call, it clearly has the capacity to store, produce, and dial numbers; rendering it an ATDS as defined by the TCPA.

Green Tree relies on *Sterk v. Path, Inc.,* 2014 WL 24434785 (N.D. Ill. 2014) to support its position that human intervention is a dispositive factor in determining whether a system is an ATDS for purposes of the TCPA. However, *Sterks* supports Plaintiffs' position as the court in *Sterks* granted summary judgment in favor of plaintiff and highlighted the fact that an ATDS only need to have the *capacity* to make a call using a random or sequential number generator. *Sterks,* 2014 WL 24434785 at *4. Consequently, Green Tree's reliance on *Sterk* misses the mark.

Green Tree next relies on *Nunes v. Twitter, Inc.*, 2014 WL 6708465 (N.D. Cal. 2014) to support its position that human intervention is a determining factor on whether a system is an ATDS for TCPA purposes. Again, Green Tree's reliance is misplaced because *Nunes* supports Plaintiffs' position as the *Nunes* court adopted the Federal Communications Commission's construction of Section 227(a)(1) of the TCPA to cover "any equipment with the *capacity* to

5

'generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists,' including 'hardware [that], when paired with certain software, has the *capacity* to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers'" in denying defendant's motion to dismiss plaintiff's TCPA claim. *Id.* at *1. (emphasis added).

Green Tree also relies on *Jordan v. Nationstar Mortgage LLC*, 2014 WL 5359000 (N.D. Cal. 2014) to support its position that human intervention is dispositive in determining whether a system is an ATDS. The *Jordan* court addressed a defendant's motion to stay the TCPA proceedings until the FCC clarified its definition of "capacity" and does not provide any support to Green Tree's theory.

Green Tree also cites *Legg v. Voice Media Group, Inc.*, 20 F.Supp. 3d 1370 (S.D. Fla. 2014) to advance its human intervention exclusion theory. The court in *Legg* denied plaintiff's motion for summary judgment on the basis that there was an issue of material fact of whether the subject system had the *capacity* to auto-dial numbers without human intervention. Consequently, *Legg* is inapposite as to any request for summary judgment, as the capacity issue was determined to be a question of fact. As a result, Green Tree's reliance on *Legg* must fail.

Green Tree then cites *Santos v. Millward Brown, Inc.,* 2014 WL 2938605 (S.D. Fla. 2014). However, Green Tree's reliance on *Santos* must also fail as it is not remotely on point. Specifically, the court in *Santos* addressed the constitutionality of the TCPA, thus it misses the mark by a wide margin.

Finally, Green Tree cites to *Dobbin v. Wells Fargo Auto Fin., Inc.,* 2011 WL 244566 (N.D. Ill. 2011) and argues that human intervention excepts a system from the TCPA's definition

of ATDS. The issue in *Dobbin* was similar to the facts in this case. In *Dobbin,* the plaintiff brought suit under the TCPA for defendant's phone calls to plaintiff's cell phone.

The system employed by the defendant in *Dobbin* is similar to Green Tree's "manual" calling system. Specifically, the defendant's agent made calls from his desk and the computer system employed by the agent had the capability of being connected to the defendant's predictive dialing system. The defendant in *Dobbin* moved for summary judgment contending that its manual call method does not fall under the purview of an ATDS because it requires human intervention. In *Dobbin,* the court ultimately granted summary judgment in favor of the defendant because the plaintiffs failed to "provide any evidence that [defendant] called them using equipment that meets the statutory definition." *Dobbin,* 2011 WL 244566 at *4. The *Dobbin* court noted that plaintiffs offered no evidence that the equipment used had the "capacity" to autodial. The court rested its ruling on the fact that plaintiffs conceded that a manual call can be made without the agent being logged into the universal system.

Here, the opposite is true. Green Tree's agent, using the USCe interface, accessed information regarding the loan (including phone numbers when applicable) which is stored on the server. (SOF ¶¶24-26.) The manual dialing required four components: (a) live calling agent, (b) the agent's computer, (c) the server, and (d) a telephone. (SOF ¶28.) Given that the agent must login to the server to make the call, the system employed by Green Tree has the *capacity* to store and auto-dial numbers. As a result, *Dobbin* is distinguishable because the defendant in *Dobbin* did *not* need to log in to the universal server, as the agent for Green Tree must, in order to place a manual call.

Green Tree's manual calling system is a sum of its components, and when the components are paired together, it has the capacity to store and auto-dial numbers as the system,

7

when all components are connected, can connect to the predictive dialer system when prompted. (SOF ¶¶25, 26, 28, 30, 31, 32, 33; Plaintiffs' Response to SOF ¶24.) Given that a Green Tree agent can log in to the universal system and be connected to Green Tree's predictive dialing system on command, Green Tree's system has the *capacity* to store and auto-dial numbers. Consequently, Defendant is not entitled to summary judgment against Katie for her TCPA claims. Ruling otherwise would effectively remove the term "capacity" from the TCPA.

## II. Green Tree is not entitled to Summary Judgment on Katie's Claim in Count II

### a. Green Tree's Phone Calls Were Deceptive and Unfair under ICFA

Green Tree argues that it is entitled to summary judgment against Katie for her ICFA claim because Katie only spoke to Green Tree on two occasions. Green Tree's position is nonsensical as it conditions ICFA liability not on the harmful conduct, but how the victim reacted to the same. ICFA was legislated to prevent the very same harassing conduct committed by Green Tree. "The ICFA is a regulatory and remedial statute to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive practices." *Siegal v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010). "The elements of a claim under the ICFA are: (1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod v. Wells Fargo Bank, N.A.,* 673 F.3d 547, 574 (7th Cir. 2012). "A practice is deemed 'unfair' for ICFA purposes based upon factors such as (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscurpulous; or (3) whether it causes substantial injury to consumers." *Aker v. Bureaus Investment Group Portfolio No. 15 LLC*, 2014 WL 4815366 at *6 (N.D. Ill. 2014).

Here, Green Tree placed over 50 calls to Katie in relation to a debt that she did not owe and was discharged in Jeff's bankruptcy. (Plaintiffs' Response to SOF ¶13, Plaintiffs' Exhibit D.) The only reasonable interpretation of the excessive phone calls in relation to the discharged debt was to coerce Jeff into paying a debt he no longer owed. Green Tree went as far as calling Katie's parents, Jeff's parents, and the Plaintiffs' neighbors to coerce Jeff into paying a debt that he had no legal obligation to pay. (Plaintiff's Response to SOF ¶13, Exhibit D; Plaintiffs' Response to SOF ¶12, Plaintiffs' Exhibit A, 46:23-47:5, Plaintiffs' Exhibit B, 29:8-15.) The fact that Katie only spoke to Green Tree on two occasions is not dispositive of whether Green Tree's harassing conduct was deceptive or unfair under ICFA. Green Tree's harassment campaign, in its effort to collect a discharged debt, taken as whole, at least creates an issue of material fact of whether it is deceptive and unfair under ICFA. Consequently, Green Tree is not entitled to summary judgment against Katie for her ICFA claim.

**III. Green Tree is Not Entitled to Summary Judgment on Jeff's Claim in Count I**

    **a.    Green Tree Placed Calls to Jeff's Phone Using an ATDS without his Consent**

For the reasons stated above, all manual calls placed to Jeff employed a system that has the *capacity* to store and auto-dial numbers. The only difference between Green Tree's defense of Katie's and Jeff's TCPA claims is the issue of consent. Consent is an affirmative defense under the TCPA in which the defendant bears the burden of establishing. *Toney v. Quality Resources, Inc.,* 2014 WL 6757978 at *3 (N.D. Ill. 2014); *see also Grant v. Capital Mgmt. Servs., LP.*, 449 Fed.Appx. 598, 600 n. 1 (9th Cir.2011); *Thrasher–Lyon v. Ill. Farmers Ins. Co.*, 861 F.Supp.2d 898, 905 (N.D. Ill. 2012). Given that Jeff never provided his cellular phone number to Green Tree, Green Tree cannot establish consent and be awarded summary judgment on Jeff's TCPA claim. (Plaintiffs' Response to SOF ¶13, Plaintiffs' Exhibit C.) At the very least,

there is an issue of material fact as to Jeff's consent, in which Green Tree bears the burden of establishing, thus precluding summary judgment in Green Tree's favor.

## IV. Green Tree is not entitled to Summary Judgment on Jeff's Claim in Count II

### a. Green Tree's Phone Calls Were Deceptive and Unfair under ICFA

Green Tree maintains that it is entitled to summary judgment in its favor on Jeff's ICFA count because he only had three substantive conversations with Green Tree. Green Tree cannot shield itself from ICFA liability based on how Jeff responded to its unfair and deceptive practices. Here, Green Tree placed over 80 calls to Jeff's cellular phone in relation to a debt that was discharged in Jeff's bankruptcy. (Plaintiffs' Response to SOF ¶13, Plaintiffs' Exhibit D.) As stated above, the only reasonable interpretation of the excessive phone calls in relation to the discharged debt was to coerce Jeff into paying a debt he no longer owed. Green Tree went as far as calling Katie's parents, Jeff's parents, and the Plaintiffs' neighbors to coerce Jeff into paying a debt that he had no legal obligation to pay. (Plaintiffs' Response to SOF ¶13, Exhibit C; Plaintiffs' Response to SOF ¶12, Exhibit A, 46:23-47:5, Exhibit B, 29:8-15.) The fact that Jeff only spoke to Green Tree on three occasions is not dispositive of whether Green Tree's harassing conduct was deceptive or unfair under ICFA.

Green Tree attempts to justify its excessive harassing calls to Jeff, Katie, Jeff's parents, Katie's parents, and Plaintiffs' neighbors under the premise it was calling to ascertain Jeff's "intent" in regard to the property it held a security interest in. Unfortunately for Green Tree, its "intent" theory was rejected in *In re Otero*, 498 B.R. 313 (Bankr.D.N.M.2013). In *Otero*, Green Tree called a discharged debtor 134 times to determine "intent." The Court held that Green Tree's "intent" position "loses plausibility. There were much easier, less coercive ways to determine Plaintiff's 'intent' and enforce [its] lien rights." *Id*. at 320. The Court went on to state:

> "Defendant's [Green Tree] actions in October, 2012 are particularly egregious. Defendant should have sent its notice of default/right to cure letter in early October, and followed up any failure to cure by exercising its state law remedy to repossess the mobile home. There is no possible justification for calling Plaintiff [debtor] and her friends, neighbors, and relatives 134 times, leaving 60 messages. Defendant's [Green Tree] actions make it clear that it had little or no interest in the mobile home, and believed its chances of recovery were much better if it hounded Plaintiff [debtor] to make 'voluntary payments.' Defendant's activity also violated its own procedures. Defendant's procedure manual called for a maximum of one contact a month. Even this rate of contact likely is too frequent if the borrower is current on the voluntary payments, but in any event the limit was exceeded by Defendant 133 times in October, 2012. Defendant's argument that repeated calls and voicemails are not 'contacts' is unpersuasive, given the targets (skip-traced family, friends, and neighbors), volume, and tenor of the calls and messages. Further, whether or not they are 'contacts' as Defendant would define that term, they are prohibited dunning calls." *Id*. at 321.

Here, Green Tree attempts to justify its harassment campaign against Plaintiffs and defeat ICFA liability under the same rejected theory as it employed in *Otero*. Whether Green Tree's harassment campaign violates ICFA is at least an issue of material fact for the jury to decide. Consequently, Green Tree is not entitled to summary judgment on Jeff's Count II.

## CONCLUSION

Green Tree systematically harassed the Plaintiffs, their families, and neighbors over a span of three years in an attempt to collect a discharged debt in violation of the TCPA and ICFA. Green Tree's manual dialing system employed in furtherance of its harassment campaign is an ATDS as defined by the plain language of the TCPA because it has the *capacity* to store and dial numbers. At the very least, the record presents an issue of material fact of whether the system employed by Green Tree has the *capacity* to store and dial numbers. Furthermore, the record as it stands at least creates an issue of material fact of whether Green Tree's harassment campaign violates ICFA. Consequently, this Honorable Court should deny Green Tree's Motion in its entirety as a matter of law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion for Summary Judgment and grant any other relief that this Honorable Court deems just.

Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan
ARDC#6299011
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181
mbadwan@sulaimanlaw.com