UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. MODICA, <br> KATARZYNA A. MODICA a.k.a. <br> KATIE MODICA, <br>                 Plaintiffs, <br><br> GREEN TREE SERVICING, LLC   v. <br>                 Defendant. | File No. 1:14-cv-03308 <br><br> Honorable Judge James B. Zagel |

**PLAINTIFFS' MOTION TO VACATE ORDER**

NOW COME JEFFREY AND KATIE MODICA ("Plaintiffs"), by and through their counsel, Sulaiman Law Group, Ltd., and pursuant to Fed. R. Civ. Pro. 60(b)(6) moving this Honorable Court to vacate the Order entered on April 29, 2015 [Dock. 51] that granted Plaintiffs' Motion for Summary Judgment in part and denied in part, and in support thereof, stating as follows:

    1. On April 29, 2015, this Honorable Court entered a Memorandum and Order ("Order") on the parties' respective Motions for Summary Judgment. *See* [Dock. 51], Memorandum Opinion and Order.

    2. Specifically, the Order granted Green Tree Servicing, LLC's ("Defendant") Motion for Summary Judgment as to Plaintiffs' Telephone Consumer Protection Act ("TCPA") count with respect to calls made by Defendant to Plaintiffs through the "click" method. The Court also granted summary judgment in favor of Jeffrey Modica on the six calls that Defendant made to his cellular phone using a automatic telephone dialing system ("ATDS"). *Id.* at pg. 7.

1

3. The issue presented to the Court on Plaintiffs' TCPA claim was whether the equipment used to make calls to Plaintiffs through the "click" method, which was connected to a server but not directly logged into the dialer, also had the present capacity to produce, store, and automatically dial phone numbers such that it qualified as an ATDS under the TCPA. *Id.* at pgs. 5-6.

4. The Court ruled that the system used by Defendant to make calls through the "click" method did not have the "present capacity" to auto-dial Plaintiffs because Plaintiffs failed to present any evidence that Defendant was logged into the auto-dialer system at the time the "click" method calls were made. As a result, the Court opined that the system used by Defendant to place calls using the "click" method was not an ATDS and thus the calls did not violate the TCPA. *Id.* at pg. 7.

5. Since this Court's ruling, the Federal Communications Commission ("FCC") issued a declaratory ruling on July 10, 2015 holding that the "TCPA's use of 'capacity' does not exempt equipment that lacks the 'present ability' to dial randomly or sequentially." The FCC elaborated that "Congress intended a broad definition of autodialer" and that "autodialers need only have the 'capacity' to dial random and sequential number, rather than the 'present ability' to do so." The FCC concluded that "any equipment that has the requisite 'capacity' is an autodialer and is therefore subject to the TCPA." *See* attached Exhibit A is a true and accurate copy of the FCC's July 10, 2015 Order, *2015 TCPA Order,* FCC 15-72, at *11-13.

6. The FCC further held:

> "The broad interpretation of 'capacity' to include 'potential liability' is consistent with formal definitions of 'capacity,' one of which defines 'capacity' as the 'potential or suitability for holding, storing, or accommodating.' Furthermore, intepretating 'capacity' as limited to 'current capacity' or 'present capacity,' for which Petitioners and some commenters here argue, could create problems for enforcing the TCPA's privacy

2

protections with regard to proving how a system with multiple functions was actually used for multiple calls. As the Commission has previously recognized, 'the purpose of the requirement that equipment have the 'capacity to store or produce telephone numbers to be called' is to ensure that the restriction on autodialed calls not be circumvented.'" *Id.* at 15.

7. Congress has conferred upon the FCC general authority to make rules and regulations necessary to carry out the provisions of the TCPA. 47 U.S.C. §227(b)(1).

8. Pursuant to the Hobbs Act, the Court must apply a final FCC order if it governs the matter at issue. *CE Design, Ltd. v. Prism Bus Media, Inc.* 606 F.3d 443, 450 (7th Cir. 2010).

9. Here, the FCC's Order is on all fours with the issue presented to this Court and wholly supports Plaintiffs' position that the system employed by Defendant to place calls through the "click" method is an ATDS as defined by the TCPA because the UCSE, Defendant's universal server, when paired with the Aspect Dialer, Defendant's predictive dialing system, has the "capacity" to auto-dial numbers. *See* Plaintiffs' Statement of Material Facts, ¶¶20-23 [Dock. 37].

10. Pursuant to the FCC's recent order, Defendant's system need not have the "present capacity" to auto-dial numbers to constitute an ATDS as this Court ruled in its April 29, 2015 Order.

11. Pursuant to Rule 60(b)(6), upon a motion and just terms, the court may relieve a party or its legal representative from an order for any reason that justifies relief. Fed. R. Civ. Pro. 60(b)(6).

12. Justice requires that the TCPA be carried out in a manner that is consistent with Congress's intent.

13. Here, the Court's April 29, 2015 Order is at odds with the FCC's July 10, 2015 Order. As a result, the Court should vacate its April 29, 2015 Order and enter a new order consistent with

3

the FCC's declaratory ruling as to carry out the TCPA pursuant to its plain language as interpreted by the FCC.

14. Given that the recent FCC ruling is dispositive of the "capacity" issue as to the phone calls made to Plaintiffs through the "click" method, this Court should vacate its Order granting summary judgment in favor of Defendant as to the phone calls made through the "click" method and enter an new order granting summary judgment in favor of Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that the Court vacate its April 29, 2015 Order and issue a new order consistent with the FCC's July 10, 2015 Order as required by the Hobbs Act.

                                                  Respectfully submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188

## **CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys for Plaintiffs, certifies that on August 7, 2015, he caused a copy of the foregoing Plaintiffs' Motion to Vacate Order, to be served by CM/ECF on all parties of record.

/s/ Mohammed O. Badwan
*Counsel for Plaintiffs*
